1

2

3

4

5

6               **UNITED STATES DISTRICT COURT**

7              **SOUTHERN DISTRICT OF CALIFORNIA**

8

9   UNITED STATES OF AMERICA,              CASE NO. 10CR3044 WQH

10                          Plaintiff,     ORDER

                vs.
11   ULISES VALENZUELA (38),

12                          Defendant.

13

14   HAYES, Judge:

15          The matter before the Court is the motion for revocation of pretrial release order filed

16   by the Plaintiff United States of America. (Doc. # 199).

17                                   **FACTS**

18          On July 29, 2010, the federal grand jury returned a one-count indictment charging the

19   Defendant Ulises Valenzuela and others with conspiring to conduct enterprise affairs through

20   a pattern of racketeering activity, in violation of 18 U.S.C. 1962(d).  The indictment charges

21   that the Defendant Valenzuela was a crew member in the Fernando Sanchez Organization

22   (FSO), a drug trafficking organization with the objective and purpose of importation and

23   distribution of narcotics in the United States.  The indictment alleges that the FSO conducts

24   extensive enforcement operations in the United States and Mexico in support of its drug

25   business, including acts of assault, kidnaping and murder.  The indictment charges that

26   Defendant Valenzuela was tasked by the FSO with committing murder.  The indictment

27   charges that "[o]n or about June 3, 2010, defendant IVAN CANDELARIO MAGANA

28   HEREDIA recruited defendant ULISES VALENZUELA to murder M.S. in San Diego,

California." (Doc. # 82 at 52).

Defendant was arrested and arraigned before the United States Magistrate Judge. Defendant entered a plea of not guilty. The attorney for the United States made an oral motion to detain the Defendant.

On August 4, 2010, the Magistrate Judge conducted a detention hearing.   The Government sought detention on the grounds that the Defendant was a flight risk and a danger to the community.  Defendant asserted that there are conditions or combinations of conditions which could be set by the Court to assure his presence at future court appearances and the safety of the community.

The United States Magistrate Judge concluded that conditions could be set that would satisfy him that the Defendant will make his court appearances and comply with other conditions of pretrial release.  The Magistrate Judge stated:

> There's no rebuttable presumption in this case. I'm not going to find by clear and convincing evidence that he is a danger.  I'm very worried about the two firearms that were found in his house, and recorded conversations to which there seems to probably be no dispute, especially discussions about a silencer.  He does have limited involvement, in terms of his – the overall drug trafficking and other violence that we've seen from some of the other Defendants here.  He is facing a very substantial sentence, but he is a U.S. citizen.  He has a relatively small record, a drunk driving.  He has extensive ties to San Diego. I haven't heard that there's any major ties to Mexico.  The guns found at his house, I'm informed from counsel, that they were legally possessed. So I'm inclined to...set bail.

(Doc. # 217 at 41-42).

On August 8, 2010, the Government filed a motion for review of the order granting pretrial release.  The Government asserts that the Defendant should be detained on the grounds that he is a flight risk and a danger to the community.  The Government contends that the nature and circumstances of the racketeering conspiracy and the Defendant's agreement to a carry out a murder on behalf of the organization weigh heavily in favor of detention. Defendant asserts that the conditions of release will assure the Defendant's appearance at court and will prevent any danger to the public.  Defendant asserts that the Government should not  be permitted to rely upon the wiretap evidence, that the claim of an alleged plot to commit murder is speculation, and that the showing of his history and characteristics support release on bond.

On August 24, 2010, this Court held a hearing on the motion to revoke pretrial release order.  At the hearing, Defendant objected to reference to any evidence derived from wiretaps in this case on the grounds that the Government had not complied with the requirements of 18 U.S.C. § 2518(9).[1]  Defendant asserts that the Government was required to produce the orders and the applications for the electronic interceptions not less than ten days prior to any detention hearing in order to rely upon any wiretap evidence at the detention hearing.  The Government asserted that the requirements of Section 2518(9) afford defendants an opportunity to make a pretrial motion to suppress and do not apply to detention hearings.  The Court set a further hearing date in order to allow the parties to file briefing on the use of the wiretap evidence at the detention hearing.  The Government subsequently produced to the defense the "court order[s] and accompanying application[s]." 18 U.S.C. § 2518(9).

On September 3, 2010, the Court held a further hearing.  Defendant stated that he did not seek a continuation of the detention hearing and moved the Court to exclude any evidence derived from electronic interceptions in this case on the grounds that the Government did not comply with Section 2518(9).

The Government's proffered evidence that the Defendant was directly involved in a conspiracy to commit murder.[2]  The intercepted wire communications indicate that the Defendant Ivan Candelario Magana Heredia recruited Defendant Venezuela to commit murders on behalf of the FSO in Tijuana; that the Defendant Venezuela declined but said he would commit "cero-cuatros" in San Diego.  (Doc. # 217 at 31).  The Government asserts that the reference to zero fours is code used by the FSO to refer to murder.  The wiretaps contain

---

[1] 18 U.S.C. § 2518(9) provides that "[t]he contents of any wire, oral, or electronic communication intercepted pursuant to this chapter or evidence derived therefrom shall not be received in evidence or otherwise disclosed in any trial, hearing, or other proceeding in a Federal or State court unless each party, not less than ten days before the trial, hearing, or other proceeding, has been furnished with a copy of the court order, and accompanying application, under which the interception was authorized or approved.  This ten-day period may be waived by the judge if he finds that it was not possible to furnish the party with the above information ten days before the trial, hearing, or proceeding and that the party will not be prejudiced by the delay in receiving such information."

[2] "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f)(2).  Defendant has disputed only the inferences to be drawn from the facts proffered by counsel for the Government.

1    evidence that the target of the murder was an individual who informally cooperated with

2    various government agencies and had provided information concerning the Tijuana cartels. The

3    Government proffered evidence that Defendant Venezuela agreed to commit the murder in

4    exchange for a payment of $10,000; that Defendant Venezuela was given two addresses where

5    the individual resided; and that the Defendant Venezuela conducted surveillance at the two

6    addresses. In a separate recorded conversation, Defendant Venezuela asked Defendant Magana

7    Heredia for a silencer[3] to be used in the murder. After law enforcement officers contacted the

8    individual and informed him of the plot, he vacated the residences.

9         On July 23, 2010, the Government executed a search warrant at the home of Defendant

10   Venezuela in Chula Vista, California and seized an AR 15 semiautomatic rifle and a shot gun.

11   The automatic rifle was not legally possessed. [4]

12        Defendant has proffered evidence that he is thirty-one years old, that he is a United

13   States citizen, and that he has one prior conviction for DUI for which he successfully completed

14   probation in 2009. Defendant has significant ties to the San Diego community including a

15   significant other, two children, and extended family and friends. Defendant has worked in the

16   construction industry and Deluxe Car Wash. Defendant is currently not employed.

17                              **RULING OF THE COURT**

18        The Magistrate judge found that the Government had not carried its burden to show that

19   no condition or combination of conditions will reasonable assure the appearance of the person

20   as required and the safety of any other person and the community. The Government is entitled

21   to review by this court. 18 U.S.C. § 3145(a)(1). This Court reviews the evidence "de novo"

22   and makes its own determination whether to modify the detention order. *United States v.*

23   *Keonig*, 912 F.2d 1190, 1192-93 (9th Cir.1990).

24        The Bail Reform Act mandates the release of a person pending trial unless the court

25   "finds that no condition or combination of conditions will reasonable assure the appearance of

26

27        [3]The Government stated that the Defendant requested a "straw" or a "muffler."

28        [4]Counsel for the Government informed the Magistrate Judge that he thought that the rifle was
     a legal weapon. After further investigation, Counsel for the Government informed this Court that the
     rifle was not legally possessed.

the person as required and the safety of any other person and the community...."  18 U.S.C. § 3142(e)(1). The Government must establish the risk of flight by a clear preponderance of the evidence and must demonstrate that there is no condition, or combination of conditions, that would reasonably assure Defendant's appearance at future proceedings if he is released on bond. *See United States v. Motamedi*, 767 F.2d 1403, 1406-07 (9th Cir. 1985).  A finding that a defendant is a danger to any other person or the community must be supported by "clear and convincing evidence." *Hir*, 517 F.3d at 1086; 18 U.S.C. § 3142(f)(2)(B).  The Court takes into account all available information concerning the factors set forth in Section  3142(g) in determining whether there are conditions of release that will reasonable assure the appearance of the Defendant and the safety of any other person and the community including: 1) the nature and circumstances of the offense charged, 2) the weight of the evidence against the person, 3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug and alcohol abuse; and 4) the nature and  seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Defendant is charged with participating in a drug trafficking organization and conducting enforcement operations.  The grand jury found probable cause to believe that the Defendant conspired to murder an individual who had cooperated against the interests of the organization.  The nature and circumstances of the racketeering offense charged are extremely serious.  The charges could result in a sentencing guideline range of 262-327 months.   The Court considers the evidence derived from the wiretap[5] and finds that the weight of the evidence against the Defendant is strong.

While the weight of the evidence is the least important factor, this Court finds that nature and circumstances of the charged offense along with the weight of the evidence strongly favors

---

[5]Congress noted that the purpose of the notice requirements set forth in 18 U.S.C. § 2518(9) is to afford defendants "an opportunity to make a pretrial motion to suppress..." S. Rep. No. 1097, 90th Cong. 2d Sess. 105-106, reprinted in 1968 U.S. Code Cong. & Ad. News, 2112, 2195.  In this case, there was no prejudice to the Defendant and the Court would have continued the detention hearing for ten days.  Defendant requested that the Court to go forward with the hearing on that day.  The Court will not exclude the wiretap evidence from this detention hearing.

10CR3044 WQH

1   detention in this case.  The evidence proffered from the electronic surveillance indicates that

2   the Defendant agreed to murder for compensation, took affirmative steps to assess the locations

3   of the target, and requested a silencer.  Defendant is facing a substantial sentence if convicted.

4   Defendant is not employed and has no financial resources.  The Court concludes that the

5   Defendant's ties to the community and limited criminal background do not outweigh the strong

6   evidence that the Defendant poses a serious danger to the community and risk of flight if

7   released.  The Court has weighed all relevant factors set forth in 18 U.S.C. § 3142(g) and finds

8   that the Government has established by clear and convincing evidence that the Defendant is a

9   danger to the community and by a clear preponderance that the Defendant is a risk of flight.

10  The Court concludes that no condition or combination of conditions will reasonable assure the

11  appearance of the Defendant as required and the safety of other persons and the community.

12        IT IS HEREBY ORDERED that the motion for revocation of pretrial release order filed

13  by the Plaintiff United States of America (Doc. # 199) is granted and Defendant's motion to

14  suppress wiretap evidence (#264) is denied.  Defendant is ordered detained pending trial and,

15  if convicted, sentencing in this matter.

16  DATED:  September 8, 2010

17

**WILLIAM Q. HAYES**
United States District Judge

18

19

20

21

22

23

24

25

26

27

28